IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Maurice Lorenzo Jeffcoat, | ) | |
| | ) | Civil Action No.: 9:21-03437-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Sheriff Kristin Graziano, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on December 27, 2021. (ECF No. 11.) The Report recommends that the court dismiss Petitioner Maurice Lorenzo Jeffcoat's Petition for a Writ of Habeas Corpus (ECF No. 1) without prejudice and without requiring the above-captioned Respondent to file a return. For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 11) and incorporates it herein, and **DISMISSES** without prejudice Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1).

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 11.) As brief background, Petitioner filed his pre-trial Petition for a Writ of Habeas Corpus while incarcerated at Sheriff Al Cannon Detention Center in North Charleston, South Carolina. (ECF No. 1 at 1.) Petitioner's asserted grounds for relief are the following: (1) AFIS/Latent prints were not a match with Petitioner's fingerprints; (2) the victim was not credible in his accusation; (3) Petitioner's right to a speedy trial has been violated; and (4) while Petitioner was charged with possession of a weapon, a weapon was never in his possession.

1

(ECF No. 1 at 6-7; ECF No. 11 at 2.) Petitioner asks that his charges be dismissed and that he receive a fair hearing. (ECF No. 1 at 7.)

The Magistrate Judge's Report suggests dismissal of this case on abstention grounds and due to Petitioner's failure to bring the case into proper form. (ECF No. 11 at 3-7.) The Magistrate Judge began by explaining that "pretrial petitions for habeas corpus may be brought under 28 U.S.C. § 2241." (*Id.* at 3.) However, under the *Younger v. Harris*, 401 U.S. 37 (1971), abstention doctrine, "a federal court should not equitably interfere with state criminal proceedings 'except in the most narrow and extraordinary circumstances.'" (*Id.* at 4 (quoting *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996)).) The Fourth Circuit's three-prong test for determining when abstention is appropriate considers whether: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." (*Id.* at 4 (quoting *Martin Marietta Corp. v. Maryland Comm'n on Hum. Rels.*, 38 F.3d 1392, 1396 (4th Cir. 1994)).)

Petitioner satisfies all criteria for abstention under *Younger*. Petitioner satisfies the first prong because "[a]t the time Petitioner filed this action, he was detained and awaiting a trial on pending state criminal charges." (ECF No. 11 at 4.) The second prong is satisfied because "'the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.'" (*Id.* (quoting *Kelly v. Robinson*, 479 U.S. 36, 49 (1986)).) The third prong is satisfied because Petitioner's pending trial provides an opportunity to raise his claims. (*Id.* at 4-5; *see Kugler v. Helfant*, 421 U.S. 117, 124 (1975).) Further, no special circumstances exist justifying review. (ECF No. 11 at 5.)

Additionally, Petitioner has failed to bring his case into proper form, even after being given

2

the opportunity to do so in the court's November 18, 2021 Order. (ECF No. 6.) Because the deadline for Petitioner to get his case into proper order has passed, the Magistrate Judge recommends Petitioner's case be dismissed in accordance with Federal Rule of Civil Procedure 41. (ECF No. 11 at 6.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a

manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

Here, neither party has objected to the Report and the court discerns no clear error on the face of the record. The court has carefully examined the findings of the Report and concludes the Petition must be dismissed pursuant to the *Younger* abstention doctrine and due to Petitioner's failure to bring his Petition into proper form. Thus, after a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 11) and incorporates it herein, and **DISMISSES** without prejudice Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1).

## Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 16, 2022
Columbia, South Carolina